**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GREEN COUNTRY EMERGENCY PHYSICIANS, P.C.**, an Oklahoma professional corporation, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 03-CV-0193-CVE-FHM |
| **HEALTHCARE ADMINISTRATIVE SERVICES, INC.**, a Delaware corporation, and **EMCARE, INC.**, a Delaware corporation, ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before this Court is the Defendant Healthcare Administrative Services, Inc.'s Motion for Summary Judgment on Counterclaim of Breach of Promissory Note (Dkt. # 76). This action arises out of agreements by which defendant Healthcare Administrative Services, Inc. ("HASI") and its parent company, defendant EmCare, Inc. ("EmCare") agreed to provide administrative support, billing, and financial management services to plaintiff Green Country Emergency Physicians, P.C. ("Green Country"). Green Country alleges that defendants breached the agreements, converted funds, and negligently breached certain duties owed to plaintiff. Defendants deny the allegations and HASI counterclaims for breach of contract and breach of a Promissory Note ("Note") executed pursuant to one of the agreements.

**I.**

When plaintiff and HASI executed the Note on January 25, 2001, they also executed the Administrative Support Services Agreement ("Management Agreement"), the Billing and Financial Management Services Agreement ("Billing Agreement") and the Security Agreement. The Note provided that all sums owed by Green Country under the Note are payable upon demand. In April

2003, HASI sent a letter to Green Country terminating the Management Agreement and demanding $263,427.00 allegedly due and owing HASI under the note. Green Country refused to pay.

Green Country disputes that HASI loaned any funds. It alleges that the agreements creating the relationship between Green Country, HASI, and EmCare allowed HASI to have access to a bank account to be established for Green Country in order to deposit, withdraw, and disburse funds. Green Country also alleges that EmCare moved money in and out of that account to and from EmCare's bank account. Green Country contends that defendants have kept, taken, redirected, or cannot account for funds well in excess of the amount claimed to be due under the Note. Green Country argues that they are entitled to recoupment, set-off, or a determination that defendants have been paid and there is not breach of the Note as a matter of law.

In particular, Green Country alleges that defendants have received at least $205,765.68 from a collection agency related to Green Country's accounts through January 31, 2004, and defendants did not remit that amount to Green Country. Green Country asserts that defendants also issued a check to HASI from Green Country's bank account in the amount of $90,000, purportedly for payment of management fees, even though the Management Agreement requires that any management fee be calculated after subtraction of all expenses, including loan and advance repayments. See Resp. Br., Dkt. # 80, Ex. F, ¶ IV(A). Further, Green Country charges defendants, who controlled Green Country's bank statements and account, with a failure to account for a discrepancy in the amount or $179,519.92 between cash receipts and deposits. Finally, Green Country maintains that defendants failed to bill certain Medicare accounts in the amount of $117,146.

2

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Under Oklahoma law, the right to enforce the obligation of a party to pay an instrument is subject to "a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; . . . ." Okla. Stat. tit. 12A, § 3-305(3). The Oklahoma Comments to the 1998 Volume of this statutory provisions state, in relevant part: "Claims in recoupment must arise out of the same transaction or occurrence as the plaintiff's claim and are in the nature of a set-off. Dickson v. Joy, 188 Okla. 597, 112 P.2d 355, 357 (1941). The holder of a validly executed note is entitled to payment in full only if the payor does not prove a defense or claim in recoupment. Id. § 3-308(b). "A 'recoupment' is the 'right of a payor to have a deduction from the amount of payee's damages, for the reasons that payee has not complied with the cross obligations or independent covenants arising under the same contract.'" Bank of Oklahoma, N.A. v. Briscoe, 911 P.2d 311, 318 (Okla. Ct. App. 1995) (quoting Black's Law Dictionary (4th ed. 1968)). Where factual issues exist concerning potential defenses and claims of recoupment, the payee is not entitled to summary judgment for the full amount of its note. Id.

Defendants misconstrue Briscoe and Oklahoma case law to argue that a claim for recoupment must be based on the document upon which the claim for breach of contract is made. Since Green Country's claim for recoupment is based on the Management Agreement and not the Note, defendants argue, plaintiff is liable for the full amount allegedly owed. This argument overlooks the fact that, in Briscoe, the court considered a note and a mortgage, and determined that fact issues existed concerning potential defenses and claims of recoupment "under those instruments." Id. The contracts at issue in Briscoe, as here, were executed in a singular transaction and both documents related to each other. The Management Agreement here refers specifically to the Note, and the Note refers to the Management Agreement. See Mot. Summ. Judg., Dkt. # 76, Ex.

4

A, at 1; Ex. E, ¶ II(H). Genuine issues of material fact remain concerning Green Country defenses and claims of recoupment "under these instruments."[1]

Further, Green Country asserts that HASI is estopped from collecting any amounts on the Note. This is a genuine issue of material fact. "The elements necessary to establish an equitable estoppel are (1) a false representation or concealment of facts, (2) made with actual or constructive knowledge of the facts, (3) to a person without knowledge of, or the means of knowing, those facts, (4) with the intent it be acted upon, and (5) the person to whom it was made acted in reliance upon it to its detriment." Indiana Nat. Bank v. State Dept. of Human Servs., 857 P.2d 53, 64 (Okla. 1993) (citation omitted); see North Texas Production Credit Ass'n v. McCurtain County Nat. Bank, 222 F.3d 800, 811 (10th Cir. 2000) (citation omitted). Green Country claims that it relied, to its detriment, on representations from HASI and EmCare that Green Country's charges would be billed, that the billings would be collected, and that the collections would be credited and/or deposited in to Green Country's account. Green Country contends that defendants subsequently concealed from Green Country the fact that they had received monies and had not forwarded those monies to Green Country, and further concealed the fact that they failed to bill and

---

[1] HASI cites several Oklahoma cases in addition to Briscoe for the proposition that "alleged violations of a separate agreement are wholly irrelevant to determining liability on a promissory note." Reply Br., Dkt. # 83, at 4. In these cases, obligors of promissory notes asserted that certain oral agreements modified the terms of a written agreement, and the courts held that such was forbidden by the parol evidence rule. Am. Perforating Co. v. Okla. State Bank, 463 P.3d 958, 966-67 (Okla. 1970); Brown v. Jones, 139 P.2d 186, 187 (Okla. 1943); Nelson v. Sapulpa State Bank, 212 P. 309, 312 (Okla. 1923); Union Nat'l. Bank v. Lavacota Oil & Gas Co., 213 P. 869, 871-72 (Okla. 1923). These cases are inapposite here.

5

collect for all of a Green Country physician's Medicare charges. As these facts are disputed, summary judgment is not appropriate on HASI's counterclaim.[2]

Finally, Green Country argues, in the alternative, that defendants have miscalculated what, if anything, is owed under the Note. This argument stems from a $90,000 check written by defendants to themselves out of Green Country's bank account, allegedly for management fees. Green Country argues that the Management Agreement requires a deduction of loan expenses prior to calculation of the management fees and that the $90,000 should have been applied to the amount HASI claims due under the Note. If deduction of the loan payment is not required under the Management Agreement, only fifteen percent of the gross margin (approximately $50,000) is available for a management fee. Thus, Green Country asserts, an additional $40,000 should offset the amount HASI is claiming under the Note. As the Court has determined that summary judgment is not appropriate on HASI's counterclaim for breach of the Note, any calculation of what is or would be owed is premature at this time.

---

[2] Green Country also asserts that genuine issues of material fact remain as to whether defendants conducted the management activity under the Management Agreement and whether defendants advanced any funds to Green Country. The former argument is subsumed in Green Country's argument that defendants failed to conduct the management activity appropriately; the latter argument is foreclosed as the Note apparently operated as a line of credit and not as a note to repay a sum certain.

IV.

**IT IS THEREFORE ORDERED** that Defendant Healthcare Administrative Services, Inc.'s Motion for Summary Judgment on Counterclaim of Breach of Promissory Note (Dkt. # 76) is hereby **DENIED**.

**DATED** this 15th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT